

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

August 17, 2012

The Honorable Jerry Patterson
Commissioner
Texas General Land Office
Post Office Box 12873
Austin, Texas 78711-2873

Opinion No. GA-0963

Re: Whether an application by a local organizing committee, endorsing municipality, or endorsing county to a site selection organization is a prerequisite to the expenditure of funds from the Major Events Trust Fund pursuant to section 5A, article 5190.14, Revised Civil Statutes (RQ-1043-GA)

Dear Commissioner Patterson:

You pose two questions about the proper process for release of funds from the Major Events Trust Fund (the "METF"), a process governed by article 5190.14 of the Texas Revised Civil Statutes.[1] Specifically, you ask about the expenditure of funds from the METF for a Formula One automobile race, which constitutes an "event" described by the statute. *See* TEX. REV. CIV. STAT. ANN. art. 5190.14, § 5A(a)(4) (West Supp. 2011). You first ask:

> Does the selection of a site for an event by a Site Selection Organization prior to and without an application by a local organizing committee, endorsing municipality, or endorsing county preclude the subsequent event from eligibility for METF funds?

Request Letter at 3.

A "site selection organization" includes "the national governing body of a sport that is recognized by," *inter alia*, "Formula One Management Limited." TEX. REV. CIV. STAT. ANN. art. 5190.14 § 5A(a)(5)(B) (West Supp. 2011). Subsection (a-1) of section 5A expressly states three conditions for funding eligibility under section 5A:

> (a-1) An event included in subsection (a)(4) of this section is *eligible for funding* under this section *only if*:

---

[1]Letter from Honorable Jerry Patterson, Comm'r, Tex. Gen. Land Office, to Honorable Greg Abbott, Tex. Att'y Gen. (Mar. 1, 2012), http://texasattorneygeneral.gov/opin ("Request Letter").

        (1)  a site selection organization selects a site located in this state for the event after considering, through a highly competitive selection process, one or more sites that are not located in this state;

        (2)  a site selection organization selects a site in this state as the sole site for the event; and

        (3)  the event is held not more than one time in any year.

*Id.* § 5A(a-1) (emphasis added).

Nothing in subsection (a-1) requires that, in order for an event to be eligible for funding, an application must be filed with either a site selection organization or with the Comptroller. Subsection (a-1), however, does not provide an exhaustive list of the prerequisites for the release of funds from the METF. Subsection (b) of section 5A provides, in relevant part:

        (b) *If a site selection organization selects a site for an event in this state pursuant to an application by a local organizing committee, endorsing municipality, or endorsing county,* upon request of a local organizing committee, endorsing municipality, or endorsing county, the comptroller shall determine for a one-year period that begins two months before the date on which the event will begin, in accordance with procedures developed by the comptroller: . . .the incremental increase" [in receipt from certain taxes].

*Id.* § 5A(b) (emphasis added). The italicized portion of subsection (b) provides that a series of events must transpire before the Comptroller's role in the METF funding process is triggered. First, one of the local entities—whether a local organizing committee, endorsing municipality, or endorsing county—must submit an application to the relevant site selection organization. Next, one of those local entities must submit a request to the Comptroller for a determination of incremental increases in tax revenue. Under section 5A, the Comptroller is required to perform a substantial economic analysis before any METF funds may be committed to an event. *See id.* § 5A(b).[2] Thus,

---

[2]Subsection (p) of section 5A reinforces this reading of the statute:

        (p) The comptroller may not undertake any of the responsibilities or duties set forth in this section unless a request is submitted by the municipality or the county in which the event will be located. The request must be accompanied by documentation from a site selection organization selecting the site for the event.

Tex. Rev. Civ. Stat. Ann. art. 5190.14, § 5A(p) (West Supp. 2011).

section 5A requires that a local organizing committee, endorsing municipality, or endorsing county submit an application to a site selection organization before an event is eligible for METF funds.[3]

Your second question asks whether "the selection of the Austin area for an F1 race by Formula One Management Limited prior to and without an application by a local organizing committee, endorsing municipality, or endorsing county precludes the 2012 United States Grand Prix from eligibility for METF funds." Request Letter at 3. You contend that you have submitted several requests under the Texas Public Information Act to the City of Austin, to Travis County, and to the Office of the Comptroller of Public Accounts for release of documentation that would confirm the existence of the application required under subsection (b). *Id.* at 2–3. You state that you did not receive the requested application from any of the three governmental bodies. You further state that you did not receive any other document that would indicate that an application was ever submitted to Formula One Management Limited. *Id.* at 3. You have concluded from that fact that "no application, as contemplated by the statute, was ever submitted as a basis for locating the event in Texas." *Id.* A brief received from the Comptroller's office disputes the facts as you describe them and contends that you do "not know and cannot supply the facts the [Attorney General] would need to specifically address the eligibility of the 2012 United States Grand Prix."[4] The Comptroller's brief also declares that correspondence sent to Austin Mayor Lee Leffingwell, and dated May 11, 2011, "which was signed by Chief Executive Officer Bernie Ecclestone, clearly stated that the Austin area had been selected as the location for the 2012 United States Grand Prix 'based on an application' submitted to Formula One Management Limited." *Id.* at 2.

Based upon the divergent recitations of the facts contained in briefings submitted to this office, your conclusion regarding the existence of an application to Formula One is the subject of a factual dispute. Because the facts upon which this office has been asked to opine are disputed, and because contested issues of fact are not amenable to the opinion process, we cannot answer your second question. *See* Tex. Att'y Gen. Op. No. GA-0750 (2009) at 2.

---

[3]The statute does not require that the application take any particular form, and therefore we do not opine as to the form of application.

[4]Brief from Ashley Harden, Gen. Counsel, Comptroller of Pub. Accounts, to Greg Abbott, Tex. Att'y Gen. at 3 (Apr. 17, 2012) (on file with the Op. Comm.).

**S U M M A R Y**

Section 5A, article 5190.14 of the Texas Revised Civil Statutes requires that a local organizing committee, an endorsing municipality, or an endorsing county submit an application to a site selection organization in order to initiate the process that governs the distribution of funds for an "event" from the Major Events Trust Fund (the "METF"). Unless an application for an event as defined in the statute is submitted to a site selection organization, that event is ineligible for METF funding. Whether such an application was actually submitted in this case is a matter of factual dispute that cannot be resolved through the opinion process.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee